IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAUREN PEACE,<br><br>    Plaintiff,<br><br>v.<br><br>CURTIS REPORT SPA, INC.,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Lauren Peace ("Plaintiff" or "Ms. Peace"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Family's First Coronavirus Response Act of 2020 ("FFCRA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331.

3.

Defendant Curtis Resort Spa, Inc. ("Defendant") does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant is a domestic corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Rebecca Curtis, at 10690 Victory Gate Drive, Johns Creek, Georgia 30022.

**FACTUAL ALLEGATIONS**

8.

Ms. Peace began working for Defendant on or about September 2, 2007, as a General Manager.

9.

On or about March 16, 2020, Plaintiff went on furlough as a result of the COVID-19 pandemic.

10.

Despite being on furlough, Plaintiff continued to work without pay at the request of Rebecca Curtis, Defendant's Owner and Manager.

11.

For example, Plaintiff assisted with Defendant's marketing over social media and the development of health and safety protocols for when employees returned to in-person work.

12.

On or about May 19, 2020, Ms. Peace returned to work in person.

13.

Ms. Peace was unable to find adequate childcare during the day for her daughter, who was three-years old at the time. Ms. Peace's husband is an essential worker, Ms. Peace's mother was physically unable to assist in childcare responsibilities, and Ms. Peace was unable to find a third-party childcare provider.

14.

At this time, Ms. Peace notified Ms. Curtis that she was having issues finding adequate childcare for her daughter.

15.

In response, Ms. Curtis told Ms. Peace to "make it work."

16.

On or around May 30, 2020, Ms. Peace again explained to Ms. Curtis that she could not find adequate childcare because of the COVID-19 pandemic.

17.

Ms. Peace then requested leave to take care of her daughter.

18.

On July 6, 2020, Ms. Curtis terminated Ms. Peace.

19.

Defendant's stated reason for terminating Ms. Peace was that her position needed to be filled.

20.

Defendant told its employees that Ms. Peace quit.

## CLAIMS FOR RELIEF

## COUNT I: FFCRA INTERFERENCE

21.

Plaintiff re-alleges paragraphs 8-20 as if set forth fully herein.

22.

At all times material to this Complaint, Defendant was a covered employer under the FFCRA because Defendant has been a private employer and has had fewer than five hundred (500) employees.

23.

Plaintiff was an employee under the FFCRA eligible for paid leave.

24.

At the time of her request for leave Plaintiff had been employed by Defendant for at least 12 months.

25.

Plaintiff could not find childcare for her daughter due to the COVID-19 pandemic.

26.

As a full-time employee, Plaintiff was eligible to take up to 12 weeks of leave at 40 hours a week.

27.

On March 30, 2020, Plaintiff notified Defendant of her request for time off.

28.

Defendant terminated Plaintiff's employment because she took leave under the FFCRA/EFMLEA based upon her bona fide need to care for her daughter when childcare providers were closed or unavailable due to reasons related to COVID-19.

29.

Defendant cannot meet its burden of proving that providing Plaintiff with leave under the FFCRA would have jeopardized the viability of its business.

30.

As a result of Defendant's willful violations of the FFCRA/EFMLEA, Plaintiff is entitled to liquidated damages.

31.

By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiff judgment as follows:

(a) Wages, employment benefits, or other compensation denied or lost as a result of such violation including but not limited to back pay and front pay;

(b) Liquidated damages for lost wages and benefits and prejudgment interest thereon;

(c) Reinstatement to her former position with all benefits she would have been entitled to fully restored;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 15th day of February, 2021.

**BARRETT & FARAHANY**

**BARRETT & FARAHANY**

s/ *Amanda A. Farahany*
Amanda A. Farahany
Georgia Bar No. 646135
Zachary Panter
Georgia Bar No. 822012

*Attorneys for Plaintiff Lauren Peace*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com
zachary@justiceatwork.com